**Bhupinder Shergill SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72191.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Sharla Cerra, Esq., USLA-Office of the U.S. Attorney, Los Angeles, CA, Norah Ascoli Schwarz, Esq., Cindy S. Ferrier, Esq., U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

MEMORANDUM **

Bhupinder Shergill Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Malhi v. INS*, 336 F.3d 989, 992 (9th Cir.2003), and we deny the petition for review.

The IJ identified significant and substantial inconsistencies within Singh's testimony, and between his testimony and written declaration, regarding the treatment Singh received in India, the reasons he was mistreated, and his identity. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1151–52 (9th Cir.1999). The record does not compel the conclusion that Singh's testimony was credible. *See id.* Accordingly, Singh failed to establish eligibility for asylum or withholding of removal. *See Malhi*, 336 F.3d at 993.

Substantial evidence supports the IJ's conclusion that Singh is not entitled to relief under the CAT because he did not demonstrate that it is more likely than not that he would be tortured upon return to India. *See id.*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**